EDWARD CHARLES & ATHENA MACRIS DeFABO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
De Fabo v. Commissioner
Docket No. 4322-74
United States Tax Court
T.C. Memo 1975-282; 1975 Tax Ct. Memo LEXIS 93; 34 T.C.M. (CCH) 1227; T.C.M. (RIA) 75282; September 8, 1975, Filed Edward Charles DeFabo, pro se. Harris J. Belinkie, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: Respondent determined deficiencies in petitioners' federal income taxes for the calendar years 1969 and 1970 in the following amounts: Year
Amount
1969
$ 61.44
1970
791.17 Due to concessions by petitioners the sole issue for decision is whether amounts received by petitioner, Edward Charles DeFabo, are excludable *94 from gross income as a scholarship or a fellowship grant pursuant to section 117, Internal Revenue Code of 1954. [1]
All of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners Edward Charles DeFabo (hereinafter petitioner) and Athena Macris DeFabo, husband and wife, were residents of Chevy Chase, Maryland at the time they filed their petition herein. Petitioners filed a joint federal income tax return for each of the taxable years 1969 and 1970. In September, 1968, petitioner began taking courses as a part-time student in the Department of Biological Sciences at George Washington University (hereinafter Department). In September, 1969, he became a full-time student in the Department as a candidate for a Doctor of Philosophy degree and continued as such during the calendar years 1969 and 1970. On June 10, 1969, petitioner received a letter from H. F. Bright, vice president for Academic Affairs, informing him that he had been appointed to the part-time *95 staff of George Washington University (hereinafter University) for the 1969-1970 academic year as a graduate teaching fellow in biological sciences. The appointment carried with it a stipend of $1,800 and a tuition allowance. On April 2, 1970, petitioner received a letter from Alton H. Desmond, chairman of the Department, which reads in part as follows: Dear Mr. DeFabo: It is a pleasure to inform 8ou that you have been awarded a Graduate Teaching Fellowship for the academic year 1970-71. The fellowship is in the amount of $1,800 plus tuition as required. You will be expected to be in charge of two laboratory sections In Introductory Biology each semester. Please acknowledge your acceptance or refusal before April 15, 1970. * * * * *
Petitioner taught two laboratory sections in introductory biology each semester during the academic year 1969-1970. His duties as a teaching assistant in the Department consisted of the following: lecturing the undergraduate students concerning the theory of the laboratory exercises, devising and administering laboratory quizzes, conferring with students, scheduling make-up laboratories, and supervising field trips related to the laboratory *96 exercises. Petitioner had complete responsibility in administering the laboratory exercises in accordance with the laboratory manual prepared by the course professor. During the taxable years involved herein, the Department granted stipends to all graduate teaching assistants without regard to financial need. Petitioner received $400 and $1,800 from the University during the calendar years 1969 and 1970, respectively. The Department does not require its doctoral candidates to perform teaching services as a condition to receiving their degrees. However, if graduate teaching assistants were not available to teach biology laboratories for the Department, additional laboratory instructors would have to be hired to perform this function. On their 1969 and 1970 income tax returns, petitioners excluded from gross income the aforenoted $400 and $1,800, respectively. Respondent's deficiency notice determined that these amounts should be included in income as follows: It is determined that the stipends you received from George Washington University of $400 for 1969 and $1,800 for 1970 are not excludable from income as claimed per return since they do not qualify under Section 117 of the Internal Revenue Code *97 . The sole issue for our determination is correctness of respondent's characterization of these payments. Section 117[2] excludes from gross income any amount received by an individual as a scholarship or a fellowship grant. While these terms are not defined in the Code, it is well settled that they do not embrace payments which either represent compensation for services or enable the individual to pursue studies primarily for the benefit of the grantor. Section 1.117-4(c), Income Tax Regs., [3]Bingler v. Johnson,394 U.S. 741 (1969). *98 Petitioner advances the argument that the stipends in issue cannot realistically be considered compensation for services. He states that most graduate students have as their primary objective an advanced degree, and hence consider such stipends to be noncompensatory and excludable. He attempts to buttress his contention by pointing out that most teaching fellows do not include their stipends in gross income and that most universities do not insist that they do so. Pointing to the fact that many in his position do not have their returns audited, he makes the equitable appeal that if such stipends are excludable for some they should be excludable for all, and urges that the social desirability of his work warrants a universal exclusion. Respondent contends that the primary purpose for which the stipends were paid was to compensate petitioner for teaching services rendered to the University. He argues that they do not qualify as a scholarship or a fellowship grant within the meaning of section 117(a) and are, therefore, includable in petitioners gross income under section 61(a)(1). For these stipends to qualify as a scholarship or a fellowship grant, the primary purpose of the payment *99 must be to further the education and training of the recipient rather than to compensate the recipient for services which benefit the grantor. Elmer L. Reese, Jr.,45 T.C. 407 (1966), affd. per curiam 373 F. 2d 742 (4th Cir. 1967). Put another way, the question we must answer is whether petitioner was paid to work or to study. Stephen L. Zolnay,49 T.C. 389 (1968). After careful consideration of the evidence we are convinced the petitioner was paid to work. In Bingler v. Johnson,supra at 751, the Supreme Court, in upholding the validity of section 1.117-4(c), Income Tax Regs., described the characteristics of a scholarship or a fellowship grant as follows: Here, the definitions supplied by the Regulation clearly are prima facie proper, comporting as they do with the ordinary understanding of "scholarships" and "fellowships" as relatively disinterested, "no-strings" educational grants, with no requirement of any substantial quidproquo from the recipients. It is abundantly clear that the payments involved herein are devoid of these characteristics. Initially, the scenario the parties have presented *100 has petitioner performing duties requiring considerable skill and training. The benefit to the University is both obvious and substantial. Petitioner's role was performed with little or no supervision from full-time faculty members and obviated the hiring of other instructors to teach students in the laboratory sections handled by petitioner. Furthermore, the amount of the stipend bore no relationship to petitioner's financial need. Absent any evidence that it was awarded to petitioner for academic achievement, we can only conclude that it was based upon the value of his services to the University. Supporting this conclusion are petitioner's appointment letters which clearly demonstrate that the University was securing petitioner's services in return for the stipend. The letter relative to the 1970-71 academic year unequivocally states that teaching services were expected. While the letter relative to the 1969-70 academic year does not explicitly impose such a condition it does so inferentially in announcing petitioner's appointment to the part-time staff of the University. Presumably the University expected its staff members to work in return for any benefits conferred upon them. *101 We also note that petitioner's stipends and positions were identical for the two academic years involved herein. Under such circumstances we think it obvious that if petitioner was required to teach as a condition to receipt of his 1970-71 stipend he was also required to do so during the 1969-70 year. Any other conclusion would be incongruous. Thus, we find that petitioner was paid to work. We recognize that the stipends were beneficial in enabling petitioner to further his education both by helping to defray expenses and by providing him with a valuable learning experience. This dual benefit, however, is not inconsistent with our finding that the stipends represented compensation for services. Had petitioner taken a summer job teaching high school biology he would have received the same dual benefit. There would be no question, however, but that any remuneration would be includable in his gross income. Similarly, the educational benefits herein received do not alter the compensatory character of the stipends. Hence, they were received as taxable compensation and are not excludable under section 117. Petitioner's contention that his course of study is so socially desirable as to *102 justify the exclusion of the stipends involved herein is better directed to Congress than this Court. His further complaint about the vagaries of respondent's audit procedure is hardly a justification for not applying the tax laws to those returns that are audited. Respondent cannot be expected to audit each and every one of the millions of income tax returns filed each year. Decision will be entered for the Respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. SEC. 117. SCHOLARSHIPS AND FELLOWSHIP GRANTS. (a) General Rule.--In the case of an individual, gross income does not include-- (1) any amount received-- (A) as a scholarship at an educational institution (as defined in section 151(e)(4)), or (B) as a fellowship grant. ↩
3. Sec. 1.117-4. Items not considered as scholarships or fellowship grants. The following payments or allowances shall not be considered to be amounts received as a scholarship or a fellowship grant for the purpose of section 117: * * * * *
(c) Amounts paid as compensation for services or primarily for the benefit of the grantor. * * * any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research, if such amount represents either compensation for past, present, or future employment services or represents payment for services which are subject to the direction or supervision of the grantor. (2) Any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research primarily for the benefit of the grantor. However, amounts paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research are considered to be amounts received as a scholarship or fellowship grant for the purpose of section 117 if the primary purpose of the studies or research is to further the education and training of the recipient in his individual capacity and↩ the amount provided by the grantor for such purpose does not represent compensation or payment for the services described in subparagraph (1) of this paragraph. * * * [Emphasis added.]